IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

STACEY L.D. BROWN,              )
                               )
            Plaintiff,         )
                               )
v.                             )       Case No. CIV-10-488-KEW
                               )
MICHAEL J. ASTRUE,             )
Commissioner of Social         )
Security Administration,       )
                               )
            Defendant.         )

## OPINION AND ORDER

Plaintiff Stacey L.D. Brown (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act.  Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled.  For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and the case REMANDED for further proceedings.

### Social Security Law and Standard of Review

This case is somewhat unusual because Claimant's mother filed for supplemental security income for him before he attained the age of 18.  For that period before he was 18, disability for persons

under the age of 18 is defined by the Social Security Act as the "a

medically determinable physical or mental impairment or combination

of impairments that causes marked and severe functional limitations,

and that can be expected to cause death or that has lasted or can

be expected to last for a continuous period of not less than 12

months."   20 C.F.R. § 416.906.   Social Security regulations

implement a three-step sequential process to evaluate a claim for

Child's Supplemental Security Income Benefits under Title XVI of the

Social Security Act. *See*, 20 C.F.R. § 416.924.[1]   For the period

after Claimant attained the age of 18, disability under the Social

Security Act is defined as the "inability to engage in any

substantial gainful activity by reason of any medically determinable

physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A).   A

claimant is disabled under the Social Security Act "only if his

physical or mental impairment or impairments are of such severity

that he is not only unable to do his previous work but cannot,

considering his age, education, and work experience, engage in any

other kind of substantial gainful work which exists in the national

economy. . ." 42 U.S.C. §423(d)(2)(A).  Social Security regulations

---

[1]   At step one, a child will not be deemed disabled if he is working and such work constitutes substantial gainful activity. requires the claimant to establish that he is not engaged in substantial gainful activity.  At step two, a child will not be found disabled if he does not suffer from a medically determinable impairment that is severe.  At step three, a child's impairment must meet a listing and must meet the duration requirement of 12 months.  20 C.F.R. § 416.924(b), (c) and (d).

implement a five-step sequential process to evaluate a disability

claim.  *See*, 20 C.F.R. §§ 404.1520, 416.920.[2]

Judicial review of the Commissioner's determination is limited

in scope by 42 U.S.C. § 405(g).  This Court's review is limited to

two inquiries:  first, whether the decision was supported by

substantial evidence; and, second, whether the correct legal

standards were applied.  Hawkins v. Chater, 113 F.3d 1162, 1164

(10th Cir. 1997)(citation omitted).  The term "substantial evidence"

has been interpreted by the United States Supreme Court to require

"more than a mere scintilla.  It means such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion."

Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting

---

[2]  Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910.  Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities.  20 C.F.R. §§ 404.1521, 416.921.  If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied.  At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry.  If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work.  If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform.  Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work.  *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  The court may not re-weigh the evidence nor substitute its discretion for that of the agency.  Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).  Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight."  Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on April 17, 1989 and was 19 years old at the time of the ALJ's decision.  Claimant completed his high school education and took some college.  Claimant has no past relevant work.  Claimant alleges an inability to work due to limitations resulting from asthma, being "learning disabled," and attention deficit hyperactivity disorder ("ADHD").

### Procedural History

On October 6, 2006, Claimant's mother protectively filed for supplemental security income benefits on Claimant's behalf as a minor.  Claimant's application was denied initially and upon reconsideration. On October 27, 2008, an administrative hearing was held before ALJ Lantz McClain in Tulsa, Oklahoma.  On December 18, 2008, the ALJ issued an unfavorable decision on Claimant's

application.  On October 29, 2010, the Appeals Council denied review of the ALJ's decision.   As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal.   20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

For the period prior to Claimant attaining the age of 18, the ALJ made his decision at step two of the sequential evaluation.  He determined that Claimant's alleged conditions did not meet a listing and he had not been under a disability at any time since the alleged onset date.  For the period after Claimant reached the age of 18, the ALJ determined Claimant had not developed any new impairments and made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform at all exertional levels with some limitations.

### Errors Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to conclude Claimant met a listing; (2) failing to consider all of the medical source information in the record; (3) failing to perform a proper step five determination; and (4) failing to perform a proper credibility analysis.

**Evaluation of the Evidence for a Listing**

In his decision, the ALJ determined Claimant suffered from the severe impairments of asthma, borderline intellectual functioning, and ADHD.  (Tr. 16).  Since Claimant attained the age of 18, the ALJ found he retained the RFC to perform a full range of work at all exertional levels but with the additional limitations that he should avoid even moderate exposure to dust or fumes (AC/heated environment with good ventilation where there would be no exposure to such things as dust or cleaning fluids) and simple, repetitive tasks with incidental contact with the public.  (Tr. 23).  With the assistance of a vocational expert, the ALJ identified the jobs of bench assembler and bus person as encompassing Claimant's RFC.  (Tr. 24-25).

Claimant first contends his impairments meet the criteria for Listing §§ 12.05C, 12.05D, and 112.11.  To meet or equal Listing 12.05C, a claimant must demonstrate the following:

> 12.05 Mental Retardation:  Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> * * *
>
> C.  A valid verbal, performance, or full scale IQ of 60

through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

\* \* \*

20 C.F.C. Pt. 404, Subpt. P, App. 1, Listing 12.05C.

Claimant must satisfy all of these required elements for a Listing to be met.  Sullivan v. Zebley, 493 U.S. 521, 530 (1990). On November 20, 2006, Claimant underwent a psychological evaluation by Dr. B. Todd Graybill.  Dr. Graybill administered the WAIS-III test and determined Claimant had a Verbal IQ of 72, Performance IQ of 73, and a Full Scale IQ score of 70 placing him in the borderline mentally retarded range of intellectual functioning.  Dr. Graybill considered the testing generally valid, though Claimant's effort was poor.   He  also  concluded  that  the  "results  may  somewhat underestimate [Claimant's] true intellectual level."  (Tr. 257).

On May 30, 2007, Dr. Dorothy Millican completed a Psychiatric Review Technique form on Claimant.  She concluded Claimant suffered from ADHD and significantly subaverage general intellectual functioning with deficits in adaptive function based upon a valid verbal, performance, or full scale IQ of 60 through 70.  (Tr. 282-86).  Dr. Millican determined Claimant was moderately limited in the area of difficulties in maintaining concentration, persistence, or pace and mildly limited in two other areas.  (Tr. 292).

Dr. Millican also completed a Mental Residual Functional Capacity Assessment form on Claimant.   She determined he was

7

markedly limited in the areas of the ability to understand and remember detailed instructions, the ability to carry out detailed instructions, the ability to maintain attention and concentration for extended periods, and the ability to interact appropriately with the general public. (Tr. 296-97). Dr. Millican concluded Claimant could understand and perform simple tasks, can interact appropriately with others at a superficial level, but not with the general public. She found he could adapt to a work situation, but most likely needs to have inside work due to his asthma. (Tr. 298).

Although on the high end of the range, Claimant meets the intelligence testing criteria required for Listing 12.05C. Additionally, he has a physical impairment in his asthma which significantly impairs his ability to additional restrictions upon his ability to work as evidenced by the ALJ's RFC. Although the ALJ did not find any limitations in "adaptive functioning," the record gives some indication of limitations in social functioning and communication as reflected in the various assessments. On remand, the ALJ shall re-evaluate whether Claimant's adaptive functioning is impaired such that Claimant meets the requirements of Listing 12.05C.

To satisfy Listing 12.05D, Claimant was required to demonstrate his low IQ and also show that his functionality is sufficiently impaired by it by demonstrating that he is markedly impaired in two of the four criteria of the listing: (1) activities of daily living,

(2) maintaining social functioning, (3) maintaining concentration, persistence, or pace, or (4) episodes of decompensation. *See* 20 C.F.R., Pt. 404, Subpt. P, App. 1 § 12.00A. Claimant points to no evidence which would indicate satisfaction of his burden in showing impairment in two of the areas indicated by the listing.  Indeed, a review of the assessments by the mental health professionals does not indicate marked limitation in any of the criteria listed in Listing 12.05D.  As a result, this Court finds no error in the ALJ's declination to apply this listing, albeit in a conclusory fashion.

Claimant also contends the ALJ should have applied Listing 112.11 concerning childhood ADHD but provides no explanation for this argument in the briefing.  Consequently, the point of error is rejected.

### Medical Source Evidence

Claimant contends the reports of Dr. Millican are in conflict and the ALJ did not resolve the inconsistency.  Specifically, Dr. Millican found Claimant was moderately limited in the area of difficulties maintaining concentration, persistence, or pace but markedly limited in the area of maintaining attention and concentration for extended periods.  (Tr. 292, 296).  While this Court does not completely agree with Claimant's argument that these areas are the same, some degree of conflict is apparent and should be resolved on remand.

### Step Five Evaluation

Claimant also contends the ALJ should have included additional limitations in his hypothetical questioning of the vocational expert.  This Court does not agree with Claimant that the ALJ is required to include limitations in his questioning of the vocational expert which do not exist.  No evidence indicates Claimant has restrictions in his ability to sit, stand, walk, or lift as suggested by Claimant.  This Court perceives no error in the questioning in this regard.

## Credibility Determination

Claimant challenges the ALJ's credibility determination. Although Claimant contends the ALJ failed to reference which statements he accepted as true and which he did not, the ALJ "closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995).  "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence.  Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual

receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.  Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

In his decision, the ALJ sufficiently linked the medical evidence to the findings on credibility. "[A] formalistic factor-by-factor recitation of the evidence" is not required to support the necessary analysis.  Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000).  The ALJ's discussion and the references to the objective record contained in it, considered in toto, is sufficient to support the credibility findings of the ALJ.

### Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied.  Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **REVERSED** and the case is **REMANDED** to Defendant for further proceedings consistent with this Opinion and Order.

DATED this 29th day of March, 2012.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE

11